**Curless GARRETT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13848.**

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1968.

Rehearing Denied April 10, 1968.

Shelton Skinner, Shawnee, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from a conviction for the crime of knowingly receiving stolen property, after former conviction of a felony. Plaintiff in error, hereinafter referred to as the defendant, received a jury trial in the district court of Pottawatomie County, Oklahoma, and on June 8, 1965 was found guilty and sentenced to serve three years in the state penitentiary.

Defendant cites fourteen errors in his motion for new trial, but in his brief he discusses only one proposition, stated as: "The corpus delicti cannot be established by the confession of the accused alone".

In support of his proposition, defendant relies strongly on Bonicelli v. State, Okl. Cr.App., 339 P.2d 1063. However, the Bonicelli case can be readily distinguished from the case at bar. In Bonicelli the State relied most heavily on a *complete confession* taken from the defendant to sustain the conviction. Also, in addition to the inadmissibility of the confession, the manner in which it was presented to the jury was improper.

In the instant case, the defendant attempts to label his admission to the two officers as a confession. Instead, the statement made to the officers was more in the nature of an *exculpatory statement*, which was made to the officers in an effort to explain his innocence in purchasing four oil field drill-bits, which had been stolen.

When the testimony of the two officers was offered, concerning defendant's statement to them, defense counsel objected to the testimony on the grounds that the

corpus delicti had not been proved by independent evidence. However, we observe that the record shows the State to have proved that the four drill-bits in question had been stolen from the tool shed on an oil lease, operated by the Indian Drilling Company; and that they were leased from the Security Engineering Company. The drill-bits were identified by type and serial number.

The testimony of the Pottawatomie County sheriff and State Investigator Bill Holt concerned their visit with the defendant in the defendant's place of business. They both testified, in substance, that the defendant informed them that he bought the four drill-bits for $60. They stated that the defendant first identified the seller as being "a tall, slender man, with a scar on his face"; and that he later said an unknown person telephoned him that he could buy the "bits" for $60. That the caller told him where to find them, so he went to the place, found the "bits" and left three twenty dollar bills on the ground; and later he took the "bits" to Jack Combs to sell for him.

Thereafter the testimony of Jack Combs was offered, and he told how the defendant contacted him concerning the drill-bits; that defendant told witness he had bought them for $50, and asked him to sell them for him. He stated that the defendant delivered the "bits" to a place near the home of witness, and unloaded them on the side of the road. He testified further that he left the "bits" where the defendant unloaded them until the deputy sheriff instructed him to deliver them to the sheriff's office.

In his brief defendant places the impact of his argument on his single proposition. He contends it was reversible error when the trial court permitted the two officers to testify concerning the defendant's statement; and that in the absence of defendant's statement, the corpus delicti was not proved. We do not accept defendant's theory.

■ This Court stated in Taylor v. State, 95 Okl.Cr. 98, 240 P.2d 803:

"The corpus delicti of an offense may be established by circumstantial evidence."

In Pumpkin v. State, Okl.Cr.App., 295 P.2d 819, 824:

"[T]he order of proof is generally matter for the discretion of the trial court, where the subsequent matter sufficiently establishes the corpus delicti."

See also 1 Wharton's Criminal Evidence, 11th Ed. 235, § 210.

■ We are, therefore, of the opinion that it was not error to admit the testimony of the two officers in this case, for the reason the proof of the corpus delicti and the guilty agency is shown at the same time. Under those circumstances, the order of proof lies within the discretion of the trial court.

The record in this case clearly shows that the defendant had reason to believe he was buying stolen property, *even without the admission of his statement to the officers.* It was proved that the drill-bits delivered to Jack Combs were the drill-bits which had been stolen; that their value was $640; that the defendant informed Jack Combs that he paid $50 for them, when he asked Combs to sell them for him; and that the drill-bits were delivered to Jack Combs by the defendant.

■ Under the statute it is required that the State prove to the satisfaction of the jury, that the defendant purchased property, either knowing, or having reasonable cause to believe the property was stolen property. Such was proved in this case.

We observe also that Title 21 O.S.1961, § 1713(1) provides, in part:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever that has been stolen, * * * *knowing or having reasonable cause to believe the same to have been stolen,* * * * is punishable by imprisonment in the penitentiary not to exceed five (5) years, or in the county jail not to exceed one (1) year, or by a fine not to exceed Five

Hundred Dollars ($500.00) or by both such fine and imprisonment." (Emphasis added)

Notwithstanding the fact that defendant objected to the trial court's instruction number five, which recited the statute verbatim, he merely cited such as error and did not press the matter in his brief, until after Payne v. State, Okl.Cr.App., 435 P.2d 424 was rendered. Under the facts of this case, we hold that such was not reversible error. The defendant offered no explanation of how he obtained the property, and left the jury to reach its verdict on the State's evidence alone.

While the defendant is not required to take the witness stand and testify, in refusing to do so he leaves the jury to reach a verdict on the State's evidence only. In the event his demurrer to the evidence is properly overruled, he has taken his calculated risk, without exercising his right to explain the circumstances under which he received the property. Such was defendant's situation in this case, and we consider the trial judge properly overruled the demurrer and denied defendant's motion for a directed verdict.

On November 8, 1967 this Court rendered its opinion in Payne v. State, Okl.Cr.App., 435 P.2d 424, in which it was held that the second paragraph of Title 21 O.S.Supp. 1961, § 1713, is unconstitutional. Since that opinion was rendered, defendant has sought to bring this case under the rule of the Payne case.

We refuse to make such retroactive application of the rule stated in Payne v. State, supra. We therefore hold that the rule of Payne v. State, supra, applies only to that case and all future cases of similar factual situations in which the conviction is premised upon the rebuttable presumption contained in the second paragraph of section 1713, supra, and which were tried after November 8, 1967. We are of the opinion it is required, in the interest of the proper administration of justice, to make the rule prospective, and not retroactive in effect.

As the United States Supreme Court recited in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, rendered June 12, 1967:

"The retroactivity or nonretroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based. Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved."

See also Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

We finally conclude, under the facts of this case, that the State proved beyond any reasonable doubt that the defendant knew, or had reason to believe, that the drill-bits he bought were stolen property, and that the jury had sufficient evidence before it to reach its verdict.

Therefore, for the reasons stated herein, we are of the opinion there is no reversible error in the record before the Court, and this case should be, and the same is, therefore, affirmed.

BUSSEY, J., concurs.