**Darryl Q. MAY, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–14633.**

Court of Criminal Appeals of Oklahoma.

July 24, 1968.

Darryl Q. May, petitioner, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an original proceeding in which Darryl Q. May seeks his release from confinement in the State Penitentiary where he is currently incarcerated by virtue of a judgment and sentence rendered against him by the District Court of Oklahoma County for the offense of Receiving Stolen Property. According to petitioner's allegations, he was charged by Information in the District Court of Oklahoma County, tried by a jury, who found him guilty and his punishment assessed at three years imprisonment in the State Penitentiary at Mc-Alester, Oklahoma. The judgment and sentence was pronounced against him in accordance with the verdict of the jury on the 14th day of April, 1967, and the petitioner did not appeal said conviction within the time provided by law, to this Court.

He now seeks release from confinement for the reason that the trial court improperly instructed the jury and relies upon Payne v. State, Okl.Cr., 435 P.2d 424. In the case of Garrett v. State, Okl.Cr., 438 P.2d 945, we held that the rule enunciated in Payne, supra, was prospective and not retroactive and accordingly could have no application in the instant case. Moreover, we observe that the error complained of is reviewable only on appeal and could not operate to divest the trial court with jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed.

We have repeatedly held that habeas corpus is not a substitute for appeal and if it affirmatively appears in a habeas corpus proceeding that the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed, habeas corpus will be denied. The writ prayed for is accordingly denied. Writ denied.

NIX, P. J., and BRETT, J., concur.