**Carl Leo BAKER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14491.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Rehearing Denied Sept. 18, 1968.

Second Rehearing Denied Jan. 3, 1969.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Carl Leo Baker, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Receiving Stolen Property After Former Conviction of a Felony. He was tried by a jury who found him guilty of Receiving Stolen Property, and assessed his punishment at five years imprisonment in the State Penitentiary. From said judgment and sentence, defendant appeals.

Defendant first contends "that the court erred in failing to suppress the evidence obtained by the search warrant on the basis that the said search warrant was not properly issued." This assignment of error is predicated upon the defendant's assertion that the trial court erred in refusing to permit the defendant to question Officer C. M. Hinderliter, upon whose affidavit the search warrant was issued, relative to his actual knowledge that the property described in the search warrant was on the described premises. Defendant asserts that he should have been allowed to go behind the statement in the affidavit that the officer had reason to knowingly believe that the property was located in Mr. Baker's home. The defendant did not offer the affidavit in evidence, but it is readily apparent from the questions propounded by counsel that the affidavit was in positive terms. We believe that the case of Crossland v. State, Okl.Cr., 266 P. 2d 649, is determinative of the issue here presented, wherein this Court stated:

"Where an affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show the officers did not have knowledge of the charges alleged in the affidavit."

In order to consider the defendant's next assignment of error, it will be necessary to briefly set forth the evidence introduced on behalf of the State. Testimony of the witnesses discloses that some time between the hours of 6:00 p. m. February 20, 1966, and the morning of February 21, 1966, the place of business of Jackson Sharp, located at 2401 S.W. 29th, Oklahoma City, Oklahoma County, Oklahoma, was burglarized and property and mechanic's tools were stolen therefrom. Thereafter, on February 25, 1966, after having secured a search warrant for the residence of the defendant, Cleveland County and Oklahoma County officers proceeded to the residence of defendant where they found welding equipment and tanks of an approximate value of $250.00, which had been taken in said burglary. This property was identified by the owner as being part of the property stolen from his premises. The defendant was taken into custody and after being advised of his constitutional rights to counsel, to remain silent, etc., he told Officer Pierce that he had purchased the property from an unidentified person in Oklahoma City at the Twenty-Four-Thirty-Two Club located at 2432 Southwest 29th, Oklahoma City, at 12:05 a. m., February 21,

1966, for the sum of $100.00, and that he had brought them to his home in Cleveland County. This Club was located approximately two and one-half blocks from the burglarized premises.

 Defendant next contends that the evidence, as set forth, was wholly insufficient to establish the corpus delicti of the crime and to prove that the venue lay in Oklahoma County, in view of the fact that the property recovered was found in the home of the defendant, a resident of Cleveland County. He argues that under the evidence here presented, the venue lay in Cleveland County. It is well established that both corpus delicti and the venue may be proven by circumstantial evidence, although it is unnecessary that the venue be proven beyond a reasonable doubt. We are of the opinion under the facts here presented that the circumstances and admission of the defendant that he acquired the property in Oklahoma County, is ample to support the verdict of the jury and that this assignment of error is without merit.

It is lastly contended that the trial court erred in refusing to give the defendant's requested instruction and in giving instruction No. 5 relating to the presumption arising from possession of recently stolen property, and he relies upon Payne v. State, Okl.Cr., 435 P.2d 424.

While we are of the opinion that the giving of this instruction was erroneous, nevertheless, the defendant failed to object to the giving of the same, nor did he take exception to the court's refusal to give his requested instruction. Under these circumstances we are of the opinion that the well established rule that errors to which no exceptions are taken preserves nothing for this court to review, unless they are so fundamentally erroneous as to deprive the trial court of jurisdiction. From our examination of the instructions as a whole, we are of the opinion that the instructions were not so fundamentally erroneous as to deprive the court of jurisdiction, and particularly is this true, in view of our holding in Garrett v. State,

Okl.Cr., 438 P.2d 945, wherein we hold that the rule enunciated in Payne v. State, supra, was prospective and not retroactive, and applicable only to cases tried after November 8, 1967 (the instant case was tried in May, 1967).

For all of the reasons above set forth, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed.

NIX, P. J., and BRETT, J., concur.