Granville Lee HUMPHREY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14439.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1969.

Rehearing Denied March 10, 1969.

Charles Yon, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Granville Lee Humphrey, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Receiving Stolen Property. He was tried by a jury, found guilty, and his punishment assessed at One Year in the County Jail. From that judgment and sentence he has appealed to this Court.

From the record it appears that the defendant was arrested during the morning of October 21, 1966, after having attempted to use a stolen credit card to purchase automobile tires. Subsequent to arrest and after having his rights explained, certain admissions were made tending to prove that defendant knew the involved credit card was stolen.

Defendant alleges in his first proposition that the trial court should have sustained his demurrer stating that there was not sufficient evidence. He alleges that the state failed to prove the credit card was stolen. However, from the record at page 25, we find that the owner of the credit card, Mr. Evans, testified that his car was broken into, and his wife's purse stolen, and that the credit card was in her purse. This evidence was introduced without objection, and this Court

has stated repeatedly, as in Bearshield v. State, Okl.Cr., 318 P.2d 462:

"When evidence is admitted without objection it is too late upon appeal to complain of the introduction of such evidence."

This Court is of the opinion that this was sufficient, along with the testimony of the officers in connection to the statement made by defendant, and the fact that he was attempting to use the credit card when he in fact knew it was stolen, to go to the jury for their determination.

"The credibility of the witnesses and the weight and value to be given their testimony is within the exclusive province of the jury to determine, and the jury may believe the evidence of a single witness upon a question of fact and disbelieve several others testifying to the contrary." Queen v. State, 35 Okl.Cr. 412, 250 P. 935.

Defendant's second contention of error is that the trial court erred in giving its Instruction No. 5, wherein the statute is quoted regarding the presumption of guilt, which this Court held unconstitutional in the case of Payne v. State, Okl.Cr., 435 P. 2d 424. However, this would apply wherein there was *only* the presumption of guilt presumed from possession of stolen goods, without additional evidence, and is readily distinguishable from the case at bar in that defendant stated facts which were inconsistent with a reasonable connection between possession and the knowledge that *the goods were stolen.*

▉▉▉ Further, in the brief of counsel for defendant, he stated that he objected to ALL of the instructions, however, counsel has mis-represented the facts as the record filed herein does not reflect this to be completely correct. At page 60 of the case-made, the following transpired:

"(THEREUPON, the following transpired in Chambers.)

THE COURT: Let the record show that the Court has gone over its proposed instructions with counsel in Chambers during recess. Are there any requested instructions for either side?

MR. YON: Yes, sir, I would like to have a requested instruction to the effect that the burden is upon the State to prove that one charged with Receiving Stolen Property was not the one that actually stole that property or to that effect and I also request an instruction to the effect that one of the elements in the instructions be that the Defendant received the stolen property from someone other than the owner thereof and that the Defendant objects to all of the instructions given by the court and ask for his exceptions.

THE COURT: *You are objecting to all of the instructions? I think you have to be more specific than that and your reasons therefore.*

MR. YON: All right, the defendant objects to the Instruction *No. 4* for the reason that it is inconsistent; Instruction *No. 9* in that it does not contain enough instruction whereby the Jury could reach a just conclusion just by reading the Instruction *No. 4.* The defendant objects to the Instruction *No. 6* given by the Court for the same reason as *No. 4* and in addition thereto states that this particular instruction should contain all of the elements of the offense that the State must prove not simply one of the elements. It is misleading to the jury. Also, the defendant objects to the way these instructions are numbered in that there is one instruction pertaining to the offense and the next instruction would be instructing as to something else to-wit: A voluntary confession and following that some more instructions as to the offense and taken as a whole, they are prejudicial.

THE COURT: Why do you object to Instruction *No. 10*?

MR. YON: Number one, the Defendant objects to Instruction *No. 10* for the reason that the last paragraph thereof leaves the punishment to the Court instead of the Jury.

THE COURT: Do you want the Jury to be instructed that they are to fix the punishment?

MR. YON: Instruction *No. 11*, I agree with, no exceptions.

MR. WOMACK: I agree with all of them.

(THEREUPON, the Chambers hearing adjourned.)" (emphasis ours)

From this record, [and our Court is bound by the *record*] there was no objection to Instruction No. 5, nor exception. Under these circumstances, we are of the opinion that the well established rule that error to which no exceptions are taken preserves nothing for this Court to review, unless they are so fundamentally erroneous as to deprive the trial court of jurisdiction. From our examination of the instructions, we find that they are not so fundamentally erroneous, in view of the fact that this element of presumption of guilt was not the only evidence presented against this defendant.

 And, more particularly, in view of our holding in Garrett v. State, Okl.Cr., 438 P.2d 945, which stated:

"We refuse to make such retroactive application of the rule stated in Payne v. State, supra. We therefore hold that the rule of Payne v. State, supra, applies only to that case and all future cases of similar factual situations in which the conviction is premised upon the rebuttal presumption contained in the second paragraph of section 1713, supra, and which were tried after November 8, 1967."

And, Baker v. State, Okl.Cr., 448 P.2d 282, handed down on September 4, 1968, which stated:

"The rule enunciated in Payne v. State [Okl.Cr., 435 P.2d 424], is prospective and not retroactive, and applicable only to cases tried after November 8, 1967."

This case was tried prior to the Payne case, beginning on May 1, 1967.

We are of the opinion that under the evidence and cases cited above, that there is no merit to the allegations in defendant's appeal; and are of the opinion that the judgment and sentence should be, and the same is hereby affirmed.

BUSSEY, J. and BRETT, P. J., concur.