**Rex Ray LAMB, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15053.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Duane Lobaugh, Asst. Attys. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Rex Ray Lamb, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Burglary First Degree, After Former Conviction of a Felony. He was tried by a jury, found guilty, and his punishment assessed at twelve years in the penitentiary. This was in 1965. No appeal was perfected at that time, but defendant filed an application for post-conviction appeal in this Court, which was granted at the expense of the State, and the Public Defender appointed to perfect his appeal.

From the record, the testimony presented, was briefly as follows: Dow Lunn testified that [on June 13, 1965, which was a Sunday] he lived at 4101 N.W. 13 Street in Oklahoma City. On the *preceding Wednesday* he was at home about twilight and observed defendant and one Mr. Porter park a car about a block away, approach his house and inspect the surroundings from his front yard. They then crossed the street under a street light and sat on a park bench. After two or three minutes, they then approached his back door (his house being unlighted) and tried the screen, which was latched. They then left.

Lunn testified further that on the following Sunday, June 13, 1965, he was again at home around 9:45 p. m. and his house was in total darkness. There was a loud knocking on his front door and he observed the same Mr. Porter doing the knocking. Porter then left and got in a car about half a block away and he observed it circle the block and park again. He then saw Porter and defendant emerge from the car and approach his back door. From a distance of about two feet he observed defendant force the back door lock with a chisel and then slam the door shut. Lunn then saw defendant and Porter retreat across the street and hide under some overhanging tree branches. After about three minutes, defendant and Porter returned and entered Lunn's house, where

the latter was waiting with a 16 gauge shotgun. Lunn told them "to hold that, that you're under arrest", whereupon "they broke and run." Defendant ran out of sight, but Porter circled the house and Lunn shot him "on the straight of way". This was about all of the evidence with the exception of the arresting officer, when defendant was arrested on June 15, 1965, from the description furnished by Mr. Lunn.

On behalf of the defendant, his father, J. J. Lamb, and his brother-in-law, James Franklin Bouse, and the defendant's wife, Shirley, each testified substantially that on June 13, 1965, between the hours of 6:00 p. m. and 10:00 p. m. defendant was with them attending a birthday party for Shirley at the Bouse's residence at 1640 S. E. 39 Street. They each fixed the date from the circumstance that Shirley's birthday was June 13th and defendant's father's birthday was June 14th.

The parties stipulated that defendant had been twice previously convicted of felonies.

Defendant did not testify in his own behalf.

■ Defendant's first allegation of error is "Appellate Consideration of Evidence". This Court has carefully reviewed the evidence and feel it is sufficient, and repeat our ruling in Williams v. State, Okl.Cr., 373 P.2d 91:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

And, further, in Humphrey v. State, Okl. Cr., 452 P.2d 590, A–14,439, opinion handed down February 19, 1969:

"The credibility of the witnesses and the weight and value to be given their testimony is within the exclusive province of the jury to determine, and the jury may believe the evidence of a single witness upon a question of fact and disbelieve several others testifying to the contrary."

Therefore, the allegation is without merit.

■ The punishment is extremely lenient, in view of the penalty range for Burglary First Degree, After Former Conviction—seven years to life—[21 O.S. § 1436 and 21 O.S. § 51]. The twelve years was actually within the range of punishment without the enhancement.

The judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.