**Bill Wildren HILL, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14469.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1969.

Jay D. Dalton, Tulsa, Public Defender for Appeals, for plantiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Justice.

Plaintiff in Error, Bill Wildren Hill, hereafter referred to as defendant, was tried by a jury in the Tulsa County District Court and convicted for the crime of Knowingly Receiving Stolen Property, found guilty and sentenced to confinement in the state penitentiary for ten years. Judgment and sentence was passed on April 17, 1967.

In his brief defendant states only one proposition, that the trial court's Instruction III violated the due process clauses of the Fifth Amendment to the United States Constitution. In support of this proposition defendant relies on the decision of this Court in Payne v. State, Okl.Cr., 435 P.2d 424 (1967). Payne's conviction was reversed because the same instruction was used, as complained of in this case. However Payne can be distinguished from the instant case in that defense counsel objected to the giving of the instruction and took his exceptions to the trial court's ruling. In the instant case no such objection was offered to the trial court's instruction.

Likewise, the Payne decision specifically provided that the application of the rule stated in that case was prospective in application, and not retroactive. That decision provided also, that the rule stated therein applied only to that case and all future cases of similar factual situations in which the conviction was premised upon the rebuttable presumption contained in the statute, which are tried after November 8, 1967. Therefore, insofar as this defendant was tried prior to the decision of Payne v. State, supra; and since no objections were offered to the trial court's instruction; we refuse to arbitrarily apply the *Payne* rule to the facts of this case. See: Stovall v. Denno, 384 U.S. 1000, 86 S.Ct. 1983, 16 L. Ed.2d 1014, for the rule that retroactivity of a rule based upon a constitutional question is not automatically applied. See also: Garrett v. State, Okl.Cr., 438 P.2d 945.

Having considered the record and briefs submitted, we are of the opinion the defendant received a fair and impartial trial according to due process of law; and that the evidence amply supported the jury's verdict finding the defendant guilty; and that his judgment and sentence is within the provisions of the Statutes. We are therefore further of the opinion that the judgment and sentence imposed upon Bill Wildren Hill at the conclusion of his trial should be, and the same is affirmed.

Judgment and sentence affirmed.