Tom Lester PUGH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–83–563.

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1983.

Rehearing Denied Jan. 19, 1984.

Jack Sellers, Sapulpa, for appellant.

Susan Morgan, Asst. Dist. Atty., Tulsa County, Tulsa, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

Tom Lester Pugh appeals the order of the District Court of Tulsa County denying an application for post-conviction relief in Case No. 21171. Appellant was convicted in that case of Knowingly Concealing Stolen Property and was sentenced to two (2) years in prison. The conviction was affirmed on direct appeal. *Pugh v. State,* 416 P.2d 637 (Okl.Cr.1966).

At trial, the jury was instructed in accordance with 21 O.S.1961, § 1713(2) that, if appellant was shown to have acquired the stolen property without making reasonable inquiry, despite circumstances giving cause

to question the legal right of the person from whom appellant acquired the property to sell or deliver it, appellant's knowledge that the property was stolen or wrongfully obtained would be presumed, subject to rebuttal. See 21 O.S.1981, § 1713(2). On direct appeal, this Court rejected appellant's contention that the instruction and statutory presumption were unconstitutional.

However, in *Payne v. State*, 435 P.2d 424 (Okl.Cr.1967), this Court decided, in light of intervening federal caselaw, that the instruction and presumption were in fact unconstitutional. Appellant's present attempt to secure the benefit of the *Payne* ruling is met at the outset by this Court's repeated holding that the Payne decision does not apply retrospectively. *Garrett v. State*, 438 P.2d 945 (Okl.Cr.1968); *May v. Page*, 444 P.2d 231 (Okl.Cr.1968); *Humphrey v. State*, 452 P.2d 590 (Okl.Cr.1969); and *Hill v. State*, 459 P.2d 191 (Okl.Cr.1969).

 Appellant insists that *Payne* must be accorded fully retrospective application, and that the contrary holdings of this court are constitutionally invalid. We deem it unnecessary to reexamine this issue for it is clear that appellant waived any error by failing to object to the instruction at trial.

 An instruction based on the presumption in § 1713(2) is not fundamental error where the presumption is not the only evidence presented against the defendant, and a failure to object to the instruction waives the error in such a case. See *Humphrey v. State*, supra. In this case, the State was required to show, inter alia, that the defendant had knowledge that the property was stolen. Actual knowledge was not required; reasonable cause to believe that the property was stolen would suffice. Mere possession of recently stolen property is not alone sufficient proof of such knowledge, but possession supplemented by other facts inconsistent with honest possession creates a jury question. *Carter v. State*, 595 P.2d 1352 (Okl.Cr.1979).

As our opinion in *Pugh v. State*, supra, demonstrates, there were sufficient facts, aside from the presumption, which, coupled with appellant's possession of the property,

were inconsistent with honest possession. A business was robbed sometime between 9:00 p.m. on Saturday, January 30, 1965, and 7:30 a.m. the next day. A number of items were taken, including a Zenith clock radio.

At 1:00 a.m. that same night, appellant and another man were seen taking televisions into a vacant house owned by appellant. Shortly thereafter, appellant was seen taking a radio into his residence. A search later revealed three televisions in a closet in the vacant house, and a Zenith clock radio in the bedroom of appellant's residence. The radio and two of the televisions were identified as loot from the crime.

 Appellant's concealment of the televisions in a closet of a vacant house under cover of darkness no more than four hours after the crime, in light of the other circumstances outlined in the opinion on appeal, was sufficient to negate honest possession. The presumption instruction was thus not fundamentally erroneous, even if *Payne* be accorded fully retrospective application.

Appellant's allegation of error was waived in the trial court, and the order denying post-conviction relief is AFFIRMED.

Appellant's motion for oral argument and the disqualification of certain members of the Court is DENIED.

BUSSEY, P.J., and BRETT, J., concur.

Rehearing Denied Jan. 24, 1984.