**Calvin L. BROWN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–136.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1987.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Calvin L. Brown, was charged, tried and convicted in the District Court of Commanche County Case No. CRF–83–723, for the crime of Larceny of Merchandise From a Retailer, After Former Conviction of a Felony and was sentenced to twenty (20) years imprisonment. From this judgment and sentence, he appeals.

On October 29, 1983, at approximately 8:00 p.m. Nolan Mackey, manager of the Montgomery Ward Store in Lawton, Oklahoma, received a call from security concerning a suspicious individual in his store. Mackey reported to the Jewelry Department whereupon he observed the appellant carrying a TV–stereo radio, two bottles of cologne and a small black case. Shortly thereafter, the appellant exited the store

with the merchandise in his hands. The merchandise was not in a sack nor was there a receipt. Subsequently, the appellant was apprehended by store security. Further inquiry revealed that the merchandise still had the original price tags on them and had not been paid for. At trial, the appellant testified in his own behalf. He related how he had come to the store with friends to buy Christmas presents. He claimed that he had become separated from his friends and was worried they were going to leave him at the store when he ran outside with the merchandise. The appellant also admitted that he had two prior felony convictions which he was serving at the time. At the time of the crime, the appellant was on a work release program.

In his first assignment of error, the appellant alleges that the prosecution purposely excluded blacks from the jury which denied his constitutional right to equal protection under the Fourteenth Amendment. At the outset, we note that there is no record of the voir dire proceedings. The appellant claims that the State used two peremptory challenges to remove two of the three black persons on the venire. After these removals, defense counsel requested that a record of voir dire be made, but then agreed with the trial judge to wait until after the jury had been empaneled. The State then waived its remaining peremptory challenges, allowing the last of the three black veniremen to be seated. Defense counsel then made a motion to quash the jury panel, arguing, that the State's sole purpose in allowing the third black to be seated was because the appellant's request for a record alerted the State of the appellant's intent to challenge the purposeful exclusion of blacks from the jury.

It is a well established rule of this Court that counsel for the defendant has a duty to ensure that a sufficient record is provided in order to determine the issues raised. *Dollar v. State*, 674 P.2d 43 (Okl. Cr.1984). Pertinent facts which are not included in the record, such as the racial composition of the jury panel and the questions asked or the answers of potential jurors, render it impossible to review the appeal. Therefore this alleged error has been waived and is without merit.

In his second assignment of error, appellant contends that the trial court erred in not instructing the jury of the State's burden to prove former convictions beyond a reasonable doubt. The jury was instructed they could find the appellant guilty of Larceny of Merchandise from a Retailer, after former conviction of two felonies, or not guilty. At the outset, we note that the appellant did not object to the verdict forms, therefore any alleged errors have been waived. *Williams v. State*, 542 P.2d 554 (Okl.Cr.1975). Moreover, in light of the appellant's admission to two prior felony convictions, the verdict forms were properly given. *Jones v. State*, 527 P.2d 169 (Okl.Cr.1974). This assignment is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I concur with the result in this case based upon my specially concurring opinion in *Hanson v. State*, 716 P.2d 688 (Okl.Cr. 1986) (Parks, P.J., specially concurring).