**Ricky Joe ORR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–726.**

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1988.

J. Patrick Thompson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., for appellee.

## OPINION

**BRETT, Presiding Judge:**

The appellant, Ricky Joe Orr, was tried by jury in Okmulgee County District Court, Case No. CRF–84–5073, and found guilty of Murder in the First Degree in violation of 21 O.S.1981, § 701.7. The trial court sentenced appellant to life imprisonment in accordance with the jury's verdict. From this judgment and sentence, appellant has perfected his appeal to this Court.

On the evening of November 24, 1984, appellant and two friends drove to a party near Henryetta Lake. Shortly after their arrival, appellant engaged in a heated argument with the deceased, Tony Ray Rivera, Jr. Appellant and his companions left the party but returned a few minutes later. Appellant and Rivera again argued, Rivera accusing the appellant of having stolen his pickup keys. Appellant again left with his friends. Several witnesses testified that the statement, "Let's go get a gun" was made before this second departure. However, the testimony was conflicting as to who said it—appellant or his companion Chris Rogers.

In his testimony, appellant admitted that he had taken Rivera's keys and hung them from a tree branch some distance from the party site because he wanted to teach Rivera a lesson. Witnesses testified that Rivera was not armed at any time during the party, while appellant's two companions testified that Rivera was not armed when he was killed. However, appellant's testimony was that he shot the victim because he thought Rivera had a knife.

Appellant obtained a gun through an acquaintance of Chris Rogers. When he returned the third time the party was over and everyone had left except the deceased. Appellant took the gun and stepped out of his car, telling his friends that he was "only going to scare" Rivera. One of the men in appellant's car testified that as appellant walked toward Rivera, he said "I'm going to kill you." Rivera ran at appellant, who turned and ran onto the road and then faced Rivera and shot him. Appellant then tried to shoot the victim again but the gun would not discharge. Subsequently, appellant struck the victim with his gun. As appellant was driving away, his car hit Rivera and dragged him a mile and a half.

Chris Rogers agreed to throw away the gun for appellant, who then went home. When police officers questioned appellant the next day about Rivera's death, they informed him that the victim's body had been dragged. Appellant told the officers he was driving his wife's car the night before and let them impound it. He then took the car he had actually been driving to a nearby car wash where he washed it in

an attempt to destroy any evidence that the victim's body had been underneath.

■ In his first proposition of error, appellant contends that the trial court committed reversible error in failing to submit a first degree manslaughter instruction to the jury. Appellant cites *Morgan v. State*, 536 P.2d 952 (Okl.Cr.1975) for the proposition that in cases where competent evidence has been produced to warrant an instruction on self-defense, the trial court must also include a first degree manslaughter instruction. We note, however, that *Morgan* was recently overruled in *Walton v. State*, 744 P.2d 977, 978 (Okl.Cr. 1987).

The trial judge in the case at bar submitted a self-defense instruction to the jury. It is a well settled principle of this Court that where no evidence is presented to demonstrate a justification for the use of self-defense, the trial judge is not required to give such an instruction. *Dunford v. State*, 702 P.2d 1051 (Okl.Cr.1985). Such was the case here. A review of the evidence introduced at trial clearly establishes that appellant had no basis for a self-defense claim. Appellant stole the decedent's pickup keys and refused to return them. After a heated argument with the victim, the appellant left the party and later returned to confront the decedent with a gun. This Court has always held that the right of self-defense cannot be invoked by an aggressor or by one who voluntarily enters into a situation armed with a deadly weapon, no matter how great his peril becomes. *Ruth v. State*, 581 P.2d 919 (Okl.Cr.1978); *United States v. Burnett*, 777 F.2d 593, 597 (10th Cir.1985). Because the facts of this case show that no self-defense instruction was needed, it follows that appellant was not prejudiced by the absence of a first degree manslaughter instruction. Thus, we decline to reverse on this proposition of error.

■ In his second assignment of error, appellant urges that the trial court erred in refusing to sustain his motion in limine regarding the Medical Examiner's testimony concerning the condition of the victim's body when discovered by police officers.

Appellant is correct in citing 12 O.S.1981, § 2403 for the proposition that relevant evidence is inadmissible where its prejudicial effect substantially outweighs its probative value. *See also Jones v. State*, 695 P.2d 13 (Okl.Cr.1985). However, in reviewing the Medical Examiner's testimony, we have concluded that appellant suffered little, if any, prejudice.

The testimony concerned the condition of Rivera's body, which had been dragged for a mile and a half underneath appellant's car and had suffered extensive injuries to the head and chest areas. The Medical Examiner's testimony was concise, unexaggerated, and in our opinion, without design to inflame the passions of the jury. We also note for the record that no photographs of Rivera's body were introduced into evidence. It has long been a principle of this Court that where testimony does not appear calculated to prejudice the appellant, and sufficient evidence exists to support the verdict without the questionable testimony, then any error created by the testimony is harmless. *Hager v. State*, 665 P.2d 319 (Okl.Cr.1983). If any prejudice against the appellant was created by the testimony, it was harmless in light of the overwhelming evidence of his guilt. Therefore, we are not persuaded by appellant's second proposition of error.

■ For his final proposition of error, appellant asserts that the trial court denied him the required number of peremptory challenges and thus deprived him of due process and a fair trial. We believe this argument is unfounded. It is a long standing rule of this Court that where voir dire and other court proceedings are not transcribed by the court reporter and thus not contained in the record, there is nothing for this Court to review on appeal. *Carter v. State*, 595 P.2d 1352 (Okl.Cr.1979); *Landrum v. State*, 486 P.2d 757 (Okl.Cr.1971). The appellant failed to have a transcript made of the agreement pertaining to jury selection and voir dire. This omission has resulted in waiver of review.

We further note that the jury selection process employed in the case at bar was not that required by statute. *See* 22 O.S.

1981, § 654. That statute entitles the prosecution and defense counsel to nine peremptory challenges each in all capital offense cases. Here, however, both attorneys agreed before the voir dire stage to reduce their peremptory challenge number to five each. In making this agreement, appellant waived his right to have this issue reviewed on appeal.

In *Driskell v. State*, 659 P.2d 343, 358 (Okl.Cr.1983), this Court held that pursuant to 22 O.S.1981, § 634 and 38 O.S.1981, § 29, all challenges to a jury panel must be in writing and made before a jury is sworn. If the objection is not properly made in compliance with these statutes, the right to appellate review is lost. *See also White v. State*, 726 P.2d 905 (Okl.Cr.1986). We hold that all objections to a jury panel, whether they go to the selection process or to the composition of the jury, must be made in compliance with 22 O.S.1981, § 634 and 38 O.S.1981, § 29. Accordingly, we decline to reverse appellant's conviction on this assignment of error.

For the above stated reasons, the judgment and sentence of the trial court is AFFIRMED.

BUSSEY and PARKS, JJ., concur.