956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky Joe ORR, Petitioner-Appellant,
v.
Jack COWLEY; The Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 91-7053.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Ricky Joe Orr is presently serving a life sentence in Oklahoma on a conviction for first degree murder. Petitioner appealed his conviction, and the Oklahoma Court of Criminal Appeals affirmed. Orr v. State, 764 P.2d 1362 (Okla.Crim.App.1988). Petitioner then filed a state post-conviction application. After an evidentiary hearing, the state trial court denied the application, which denial was likewise affirmed on appeal. The Oklahoma Supreme Court denied Petitioner's Writ of Certiorari.
 
 
 3
 Petitioner then sought habeas corpus relief in federal district court. A magistrate judge recommended denying the petition, and his Findings and Recommendation were adopted by the district court. Petitioner now appeals. Our jurisdiction arises from 28 U.S.C. § 2253. The district court denied Petitioner's motion for certificate of probable cause and leave to proceed in forma pauperis. Petitioner moved for a certificate of probable cause in this court. We grant probable cause certification and affirm.
 
 
 4
 * In his pro se habeas petition before the district court, Petitioner contended that the state trial court erred in denying his post-conviction application without written findings of fact and conclusions of law. The district court found this argument meritless "as the record made at the evidentiary hearing reflects all the findings made by the [state trial] court judge in regard to each issue." Findings and Recommendation, Appellant's App. at 15. On appeal, Petitioner first contends that this ruling is contrary to law. We review Petitioner's assignment of legal error de novo. Northern Natural Gas Co. v. Grounds, 931 F.2d 678, 681 (10th Cir.1991).
 
 
 5
 The state trial court determined that the vast majority of issues presented in Petitioner's state post-conviction application were procedurally barred. Petitioner appears to assert that, because the state trial court took evidence on Petitioner's claims, but then failed to rule on the merits, the district court's subsequent reliance on procedural bar was improper. Petitioner also contends that the district court's ruling violated his right to a full and fair hearing, and is contrary to state law allowing federal habeas review of constitutional issues ruled on by state courts.
 
 
 6
 Petitioner misunderstands the nature and basis of procedural bar. In looking at a state prisoner's federal habeas claims, we will not review questions of federal law decided by a state court if that state court decision rests on an independent and adequate state law ground. See Coleman v. Thompson, 111 S.Ct. 2546, 2553-54 (1991) (citing Wainwright v. Sykes, 433 U.S. 72, 81 (1977)). "This rule applies whether the state law ground is substantive or procedural." Id. at 2554.
 
 
 7
 Petitioner's assertion that, in considering his federal claims, the state trial court was bound to rule on the merits, is incorrect. Cf. id. at 2558 (rejecting argument that "federal courts [should] apply a conclusive presumption of no independent and adequate state grounds in every case in which a state prisoner presented his federal claims to a state court, regardless of whether it fairly appears that the state courts addressed those claims."). Alternatively, Petitioner's argument implies that the state trial court reached the merits of Petitioner's federal claims and decided them on a federal law basis. The record reflects otherwise. The state trial court procedurally barred the majority of Petitioner's claims because he had failed to raise them in his direct appeal. Evidentiary Hearing Transcript, Appellant's App. at 102-08. The district court properly applied procedural bar. See generally Gilbert v. Scott, 941 F.2d 1065, 1065-66 (10th Cir.1991) (noting state disposition, under Oklahoma law, that issues not raised in direct appeal are procedurally barred when brought in state post-conviction application, citing Okla.Stat.Ann. tit. 22, § 1086 and Webb v. State, 661 P.2d 904, 905 (Okla.Crim.App.), cert. denied, 461 U.S. 959 (1983)).
 
 
 8
 Finally, Petitioner's claim that the district court's reliance on procedural bar is contrary to 28 U.S.C. § 2254(d) is without merit. 28 U.S.C. § 2254(d) provides that a state court's findings of fact, with certain specified exceptions, carry a presumption of correctness in habeas cases. See Hernandez v. New York, 111 S.Ct. 1859, 1869 (1991). Nothing in that statute requires any court to reach the merits of Petitioner's claims.
 
 II
 
 9
 Petitioner next asserts that the original trial court's refusal to instruct the jury on first degree manslaughter, a lesser included offense of first degree murder, "infected the entire trial so as to completely deny Petitioner due process." Appellant's Brief at 10. Our review of this issue is limited to a determination whether the alleged jury instruction error " 'had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.' " Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir.) (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980), and citing Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989)), cert. denied, 111 S.Ct. 393 (1990).
 
 
 10
 The essence of Petitioner's argument is that evidence in the record supports a manslaughter instruction, because it contains testimony probative of "heat of passion," see Okla.Stat.Ann. tit. 21, § 711 (defining first degree manslaughter). "Heat of passion" has several elements, including "a strong passion or an emotion such as anger, rage or resentment." Allen v. State, 821 P.2d 371, 374 (Okla.Crim.App.1991). The evidence Petitioner claims supports the element of "heat of passion" is evidence that, before the shooting, the victim was chasing after Petitioner and swinging at him.
 
 
 11
 We agree with the district court that the record does not support an instruction on first degree manslaughter, because it is devoid of any evidence of "strong passion or emotion," and therefore, of "heat of passion." See Boltz v. State, 806 P.2d 1117, 1123-24 (Okla.Crim.App.), cert. denied, 112 S.Ct. 143 (1991); cf. Rumbo v. State, 750 P.2d 1132, 1132-33 (Okla.Crim.App.1988) (failure to instruct on manslaughter not an abuse of court's discretion where no evidence of previous or contemporaneous disagreement). We conclude that Petitioner has failed in his "heavy burden" to show that the refusal of an instruction on first degree manslaughter was fundamentally unfair or a denial of due process. See Shafer, 906 F.2d at 508.
 
 III
 
 12
 Petitioner contends that the original trial court precluded him from exercising his allowed number of peremptory challenges. Under Oklahoma law, nine peremptory challenges are provided the defendant in capital cases. See Ross v. Oklahoma, 487 U.S. 81, 90 (1988). The trial court has a duty to inform counsel of the proper number of peremptory challenges available. See White v. State, 726 P.2d 905, 909 (Okla.Crim.App.1986) (Parks, P.J., dissenting), cert. denied, 485 U.S. 907 (1988). However, counsel remains free to waive peremptory challenges. See id. The record reflects that each side submitted five peremptory challenges in writing. Two of Petitioner's challenges were, apparently, duplicates of those submitted by the state. Petitioner's counsel objected to the loss of the two duplicated challenges, and the trial court overruled the objection. Trial Transcript, Appellant's App. at 52.
 
 
 13
 On appeal, Petitioner contends that the transcript, though not complete, is adequate and demonstrates that the trial court erroneously ordered the parties to limit their peremptory challenges to five each and erroneously precluded Petitioner from re-exercising the duplicated challenges. This issue has two distinct parts: 1) did Petitioner waive his right to four of his allowed peremptory challenges by agreeing to exercise only five and 2) did Petitioner waive his right to re-exercise the duplicated challenges when he agreed to submit his challenges in writing?
 
 
 14
 The state appellate court, in Petitioner's direct appeal, determined that Petitioner's attorney had agreed to reduce the number of his peremptory challenges to five. Orr, 764 P.2d at 1365. This factual finding is presumed correct. 28 U.S.C. § 2254(d); see Hernandez, 111 S.Ct. at 1869. Petitioner has made no showing that questions this presumption. Based on the state court's finding, Petitioner waived his right to nine peremptory challenges.
 
 
 15
 As an alternative ground, both the state trial court on direct appeal and the district court ruled that the record was insufficient for review. Orr, 764 P.2d 1364; Findings and Recommendation, Appellant's App. at 13-14. Following our review of the record, we agree. Without a transcript of the state trial court's instructions prior to counsels' submission of their written peremptory challenges, the record on appeal is inadequate for us to review Petitioner's challenge to the loss of the two duplicated challenges. In light of this conclusion, we agree with the district court that we cannot consider this claim of error. See United States v. Hart, 729 F.2d 662, 671 (10th Cir.1984), cert. denied, 469 U.S. 1161 (1985); Brown v. State, 745 P.2d 741, 742 (Okla.Crim.App.1987) (citing Dollar v. State, 674 P.2d 48, 50 (Okla.Crim.App 1984)).
 
 IV
 
 16
 Petitioner's fourth argument is that the district court improperly relied on procedural bar in his claim of error regarding the exclusion of allegedly exculpatory evidence. The record indicates that Petitioner's trial attorney failed to inform Petitioner of a Motion in Limine regarding the testimony of several juveniles who had allegedly appeared on the scene after the shooting and vandalized the victim's truck. Petitioner asserted, in his post-conviction suit, that this evidence should have been admitted, because it could have provided support for his self-defense theory. In Petitioner's post-conviction hearing, the state trial court initially denied the claim because Petitioner had failed to raise the issue in his direct appeal. Evidentiary Hearing Transcript, Appellant's App. at 104. However, that court subsequently found that Petitioner did not know about the excluded evidence until after his direct appeal. Id. at 108. The district court relied on the state court's procedural bar, as affirmed on appeal by the Oklahoma Court of Criminal Appeals, and ruled that the issue was precluded from review. Findings and Recommendation, Appellant's App. at 13.
 
 
 17
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 18
 Coleman, 111 S.Ct. at 2565. Despite its finding that Petitioner was unaware of the exclusion of testimony prior to his direct appeal, the state trial court did not address the merits of this issue, but found it barred. Therefore, we look to see if the district court's reliance on that procedural bar is precluded by a showing of cause and prejudice.
 
 
 19
 We conclude that Petitioner has not shown cause and prejudice; indeed, he alleges neither. The record indicates that Petitioner's appellate attorney could have learned of the exclusion of evidence by reference to available court records. Evidentiary Hearing Transcript, Appellant's App. at 88. Petitioner's lack of knowledge of the exclusion does not constitute cause for his attorney's failure to raise the issue on appeal, absent ineffective assistance of counsel. Petitioner does not claim ineffective assistance. See Amadeo v. Zant, 486 U.S. 214, 222 (1988) (cause must be based on an "objective factor external to the defense [which] impeded counsel's efforts," quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); Fairchild v. Lockhart, 900 F.2d 1292, 1294 (8th Cir.) (counsel's failure to discover available and potentially exculpatory evidence not legally sufficient cause), cert. denied, 111 S.Ct. 21 (1990).
 
 
 20
 Additionally, Petitioner does not claim prejudice as a result of the exclusion of this evidence, nor does Petitioner show that considering the claim will prevent a fundamental miscarriage of justice. See Coleman, 111 S.Ct. at 2565.
 
 V
 
 21
 Petitioner's final argument concerns the admission of evidence of the condition of the victim's body.[1] The district court, concurring with the state trial court, found that the testimony was specific, relevant, and not so prejudicial as to constitute error. Findings and Recommendation, Appellant's App. at 14-15. On appeal, Petitioner contends that the district court concluded that the body was dragged underneath Petitioner's car. He challenges the evidentiary basis for that conclusion, contends that the evidence was irrelevant and highly prejudicial, and asserts the trial court abused its discretion in denying Petitioner's Motion in Limine to exclude such evidence.
 
 
 22
 State court evidentiary rulings are not grounds for habeas relief " 'unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Chavez v. Kerby, 848 F.2d 1101, 1102 (10th Cir.1988) (quoting Brinlee, 608 F.2d at 850). Petitioner is deprived of a fundamentally fair trial if there is a reasonable probability that, in the absence of the erroneous evidentiary ruling, the outcome of the trial would have been different. See Tucker v. Kemp, 802 F.2d 1293, 1295 (11th Cir.1986), cert. denied, 480 U.S. 911 (1987).
 
 
 23
 The district court found sufficient evidence, outside of the evidence of the condition of the victim's body, to convict Petitioner of first degree murder. It found the evidence relevant, "specific in nature and directed solely to the issues before the court." Findings and Recommendation, Appellant's App. at 14. Finally, it ruled that the prejudicial effect of the evidence was outweighed by its relevance. Following our review of the record, we agree.
 
 
 24
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Medical testimony suggested that the victim's body had sustained post-mortem injuries that were consistent with the body's having been dragged underneath a car for a mile and a half