**Edward Eugene PHELPS, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13673.**

Court of Criminal Appeals of Oklahoma.

July 28, 1965.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

James R. Fuson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Edward Eugene Phelps, hereinafter referred to as defendant, was convicted in the Court of Common Pleas of Oklahoma County for the offense of operating a motor vehicle while under the influence of intoxicating liquor, and from the judgment and sentence fixing his punishment at ten (10) days in the county jail and a fine of $25.00, he appeals.

A lengthy recitation of the facts adduced on the trial court is deemed unnecessary since the evidence, although conflicting, was ample to support the verdict of the jury, and we will refer to the record only insofar as it touches on an issue presented on appeal.

The first assignment of error is that the trial court erred in refusing to excuse a juror challenged for cause. This assignment of error, although it has some merit, is deemed to have been waived for it clearly appears that the defendant failed to exhaust his peremptory challenges. A similar question was presented to this Court in Fennell v. State, Okl.Cr., 396 P.2d 889 wherein this Court speaking through Judge Johnson stated in Syllabus #4:

> "Although the trial court may improperly overrule a challenge for cause to a juror, yet, if the defendant does not exhaust all his peremptory challenges, the error in overruling such challenge is harmless."

It is next contended that the defendant's constitutional right to due process of law was denied when the arresting officers failed to afford him an opportunity to call his personal physician for the purpose of taking a blood sample which might have established that he was not under the influence of intoxicating liquor.

In support of this contention the defendant relies on State v. Munsey, 152 Me. 198, 127 A.2d 79 (1956). While this Court has not squarely ruled on this issue, when a reasonable and timely request is made by a defendant to call his physician for such purpose, we have held that a failure to make such a request does not present any question for determination on appeal. In the instant case no request was ever made by the defendant, and under such circumstances, it does not present a question for determination on appeal. See Spencer v. State, Okl.Cr., 404 P.2d 46.

Defendant's third contention is that he was denied his constitutional right to due process of law in that he was not afforded an opportunity to call his attorney for a period of thirty-six (36) hours after his arrest. Conceding that every person under arrest has a right to consult with counsel, and that in the instant case defendant should have been given an opportunity to call such counsel, if he requested the privilege of so doing, it does not follow that the denial of such a request, if made, would be a bar to prosecution.

The State did not seek or procure a confession or any other evidence tending to incriminate the defendant during the aforementioned thirty-six (36) hour period, and we fail to see how he could have been injured thereby. We have repeatedly held that it is not error alone that reverses judgments of conviction of crime in this State, but error plus injury, and the burden is upon the appellant to establish the fact that he was prejudiced in his substantial rights by the commission of error.

It is lastly contended that the trial court erred in failing to grant a mistrial when one of the witnesses volunteered the statement that the defendant was offered a breathalyzer test. This, he urges, amounts to a comment on the failure of the defendant to take said test and violates his privilege against self incrimination.

An identical factual situation existed in Barnard v. State, Okl.Cr., 337 P.2d 768. The Court there stated the rule that testimony voluntarily offered by officer that he offered defendant a sobriety test without stating whether the offer was accepted or refused, does not come within the rule of the court in holding it error to prove defendant had refused to take said test.

Though this court does not approve of such evidence as bordering upon error, it will not be deemed error unless it appears that defendant was prejudiced thereby.

We are of the opinion and therefore hold that the judgment and sentence appealed from should be, and the same is hereby affirmed.

NIX and BRETT, JJ., concur.