Gordon T. LANDRUM, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15238.

Court of Criminal Appeals of Oklahoma.

June 16, 1971.

Rehearing Denied July 7, 1971.

Sam Sullivan, Durant, for plaintiff in
error.

G. T. Blankenship, Atty. Gen., Duane
Lobaugh, Asst. Atty. Gen., for defendant
in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, Gordon T. Landrum, hereafter referred to as defendant, was charged by information in the District Court of Choctaw County, Oklahoma, with the crime of Murder; the information specifically alleging that the defendant caused the death of one Johnnie Hicks, by stabbing him with a knife in the throat. The crime took place on February 1, 1968, in Choctaw County.

The defendant was tried on September 30, 1968, before the Honorable Howard Phillips, District Judge. The jury returned a verdict finding defendant Guilty of the lesser included offense of Manslaughter in the First Degree and assessed his punishment at fifteen (15) years in the state penitentiary.

The defendant's Motion for New Trial was overruled and in accordance with the verdict of the jury, the court entered formal judgment and sentence on the 17th day of October, 1968. From that judgment and sentence this appeal has been perfected to this Court.

The defendant was the landlord of James Pierce. On the night the crime occurred, Pierce was driving the decedent Johnnie Hicks' pickup truck. Pierce and the decedent were on their way home and decedent was riding on the passenger's side of the pickup cab. Pierce testified that he observed a car parked across the road in such a way that it was blocking the road. When he stopped his vehicle, the defendant came to the pickup and began cursing Pierce about some rent money he said Pierce owed him. There appears to have

been considerable argument and cursing during which the defendant threatened to kill both Pierce and the decedent. Pierce stated that the decedent got out of the truck on the right side, and defendant went around to the front of the truck toward the decedent; and he related that he saw "one lick hit," when he thought the defendant hit the decedent with his fist; then the defendant got into the truck with a bloody knife in his hand and sat there with Pierce, until the Deputy Sheriff arrived.

Dr. A. L. Fountain testified that the cause of the death of Johnnie Hicks was a "stab wound in the neck penetrating the jugular on the left."

Deputy Sheriff John Campo testified that he arrived at the scene shortly after he received a call, and he identified a knife with blood on it which the defendant handed to him.

The defense also called Deputy Campo as a witness, in an effort to establish the theory of "self-defense." He testified further that he found another knife, which was apparently the knife held by the decedent. There was no denial that the defendant struck the death blow.

In his brief defendant recites four of his six citations of error contained in his Motion for New Trial. He states these under four propositions of error in his brief, but only argues the one which he contends was error, because the trial court denied him his last four peremptory challenges in the selection of the jury. In support of his argument the only authority he cites is Ballentine's Law Dictionary definition of peremptory challenges; and he cites 31 Am. Jur., § 240, neither of which is objected to by the State.

Defendant asserts that this alleged error arose after the State waived its fourth peremptory challenge; and when defendant also waived his fourth peremptory challenge; that the trial judge then inquired concerning the State's fifth such challenge, which was likewise waived by the prosecutor; and that the trial judge then stated, "The jury will stand and raise your right hand to be sworn to try this case." Defense counsel asserts further that he informed the court that defendant had not exhausted his fifth through his ninth peremptory challenge. However, it appears that the court apparently ruled that insofar as the consecutive challenges had been waived by both sides, the subsequent challenges were also waived. The jury was accepted by both sides, and the trial commenced.

Title 22 O.S.1961, § 654 provides:

"A peremptory challenge may be taken by either party, and may be oral. It is an objection to a juror for which no reason need be given, but upon which the court must excuse him."

Title 22 O.S.1961, § 655 provides:

"In all criminal cases the prosecution and the defendant are each entitled to the following peremptory challenges: Provided, That if two or more defendants are tried jointly they shall join in their challenges.

First. In capital offenses, nine jurors each. * * *"

In the instant case, the charge being Murder, the number of challenges falls within the first provision of § 655, supra.

In Phelps v. State, Okl.Cr., 404 P.2d 687, in the second paragraph of the syllabus, this Court held:

"It is not error alone that reverses judgments of conviction of crime in this State, but error plus injury, and the burden is upon the appellant to establish the fact that he was prejudiced in his substantial rights by the commission of error."

See also Fennell v. State, Okl.Cr., 396 P.2d 889 (1964).

The record reflects that the court reporter was not instructed to transcribe the voir dire of the jury. However, two pages appear to have been inserted in the record numbered as pages 7A and 7B, which purports to reflect the conversation between the trial judge and the two attorneys concerning defendant's challenges. The court

reporter testified, that the defense counsel prepared and requested that the two pages be inserted into the record. Later the prosecutor requested that the two pages be deleted, as not being part of the record transcribed by the court reporter.

On April 15, 1969, a hearing was had on the suggested amendments to the record. At that hearing the court reporter, both attorneys, and the trial judge each testified concerning their individual recollection of what occurred during that stage of the trial. The one clear and unquestioned fact is, that the court reporter was not requested; and he did not transcribe the voir dire of the jury.

■■ It has long been the rule of this Court that unless the voir dire or other court proceedings are transcribed by the court reporter and are contained in the record there is nothing for the Court to review. However, even considering that defendant's contentions were correct, we observe for guidance the decision of the Oklahoma State Supreme Court in Brown v. Marker, Okl., 410 P.2d 61 (1965), which states in the fifth paragraph of the syllabus:

"Where defendant waived first peremptory challenge and plaintiff who had already exercised one peremptory challenge waived her second, trial court justifiably concluded that parties had indicated acceptance of jury, and refusal to permit defendant to exercise further peremptory challenges deprive him of none to which he was entitled by statute." 12 O.S.1961, § 573. See also: Boyd v. State, 97 Okl.Cr. 331, 263 P.2d 202 (1953).

Insofar as defendant has failed to show error coupled with injury, and how he might have been prejudiced thereby, this complaint is not sufficient to cause reversal of this conviction. See: Fennell v. State, *supra*.

■ After reviewing the record before the Court we conclude that the evidence was sufficient to sustain the jury's verdict; it was not error for the trial court to deny defendant's demurrer; and defendant did receive due process of law in his trial. Likewise, the sentence imposed on defendant is considerably less than the maximum allowed by statute and is therefore, not excessive.

We are therefore of the opinion that Gordon T. Landrum's conviction for First Degree Manslaughter in District Court of Choctaw County Case No. 3723, should be, and the same is hereby, affirmed.

BUSSEY, P. J., and NIX, J., concur.