In re Habeas Corpus of Allen
Mearl MORPHIS.

No. H–73–393.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1974.

Sandlin, Daugherty & Snow, Holdenville, for petitioner.

David Young, Dist. Atty., Dean Hammond, Asst. Dist. Atty., for respondent.

BLISS, Presiding Judge:

This is an original proceeding in which Allen Mearl Morphis has petitioned this Court for a Writ of Habeas Corpus seeking admission to bail pending trial in the District Court of Okfuskee County, Oklahoma, in Case No. CRF–73–22, wherein he stands charged by Information with the crime of Murder in the Second Degree as defined by 21 O.S.Supp.1973, § 701.2, which statute became effective May 17, 1973. Preliminary hearing was conducted June 20, 1973, at the conclusion of which petitioner was held for trial on said charge. He offered no evidence at the preliminary but upon his being held, he demanded and was denied bail in any amount, the State taking the position that Murder in the Second Degree, as defined, is not a bailable offense. Arraignment was held June 20, 1973, and again bail was denied. Petitioner remains in custody of the Sheriff of Okfuskee County.

This original proceeding was filed herein November 13, 1973, and upon hearing held November 20, 1973, with proper parties before the Court, this Court held the petitioner was entitled to be admitted to bail in such amount as the trial court should determine, having had evidence concerning the alleged crime before it.

The punishment prescribed by statute for conviction for Murder in the Second Degree is as follows:

"Every person convicted of Murder in the second degree shall be punished by imprisonment in the State Penitentiary for not less than ten (10) years nor more than life. The trial court shall set an indeterminate sentence in accordance" "with this section upon a finding of guilty by the jury of murder in the second degree." (21 O.S.Supp.1973, Sec. 701.4, effective May 17, 1973.)

Article 2, Oklahoma Constitution, Section 8, provides as follows:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

In keeping with this constitutional provision is the following statute:

"Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death * * *." (22 O.S.1971, Sec. 1101.)

Is Murder in the Second Degree, as defined above, a "capital offense?" It is not. In Ex parte Herndon, 18 Okl.Cr. 68, 192 P. 820 (1920) this Court held:

"A 'capital offense' is one where the punishment may be death."

Accordingly, petitioner should be admitted to bail. This Court has no evidence at all before it as to the particulars of the alleged crime but the trial court does have, and it is ordered and directed to admit the petitioner to bail in such amount as it deems fair and just.

BRETT and BUSSEY, JJ., concur.