**UNITED STATES, Appellee,**

v.

**Anthony SERINO, Defendant, Appellant.**

No. 97–2217.

United States Court of Appeals,
First Circuit.

Heard Oct. 6, 1998.

Decided Dec. 30, 1998.

Before BOUDIN, Circuit Judge,
BOWNES and REAVLEY,* Senior Circuit
Judges.

REAVLEY, Circuit Judge.

Anthony Serino was convicted of conspiracy to distribute cocaine and of possession with intent to distribute cocaine; he was sentenced to three years imprisonment. We reverse and remand for retrial because he was erroneously denied a peremptory juror challenge.

Serino was apprehended as the result of an intensive investigation by the Drug Enforcement Administration of the Salem chapter of the Hells Angels Motorcycle Club. He was not a club member but served its drug trafficking as a courier. A DEA special agent posed as a buyer desiring to purchase thirty ounces of cocaine. He was told to meet ten different couriers at ten different locations each half hour, and that each courier would deliver three ounces of the drug in a brown paper bag. At 3:00 p.m. he was to meet "Anthony," a "skinny little kid" who would know the intended buyer's car. Defendant Serino drove alongside the buyer's car at the appointed time and place, introduced himself as "Anthony" and, without invitation, entered the car and produced three ounces of cocaine in an unsealed brown paper bag. Serino watched, without comment, as the buyer activated a secret latch and placed the bag in a hidden compartment, and then he parted by agreeing that he and the buyer would probably see each other in the near future.

* Of the Fifth Circuit, sitting by designation.

The evidence supported the conviction. The extra-judicial statements of the co-conspirators were admissible under Fed.R.Evid. 801(d)(2)(E), and Serino's agreement about the future meetings was proof of his knowledge that multiple crimes were intended. A new trial, however, is necessitated by the court's seating of a juror despite the defendant's peremptory challenge.

### The Peremptory Challenge Ruling

*The Record*

The district judge conducted the voir dire of the jury panel by general questions and asked Ching Cheung only to state the occupations of herself and her husband. We know nothing about her except her name, her Asian appearance, and this response to the court: "I am a social worker, work with Union Square Nursing Center. My husband works as a financial analyst."

When the defense attorney challenged Ms. Cheung, the judge disapproved.

THE COURT: Ms. Cheung, she's *our only* Asian American, why are you challenging her?

MR. BURNS: Social worker; background.

THE COURT: Why should that be a ground of challenge? I mean, you understand what I'm doing, I have a Batson problem with her. I think you may be challenging her because of her ethnic heritage.

MR. BURNS: I'm not. I told you, her background, what she does, what her husband does.

THE COURT: And what's that? When you say a social worker, why don't you want a social worker?

MR. BURNS: Financial analyst, her husband is.

THE COURT: What does that have to do with anything pertaining to drugs? I just don't see the connection. No, I'm disallowing that challenge.

Counsel for the defendant renewed his objection after the jury was seated and moved for a mistrial. In the hearing on that motion, counsel explained that he was confused by the court's inquiry of his reason for asking that Ms. Cheung be excused; and that when the judge mentioned Batson, counsel thought that case had no applicability to his challenge. The judge then explained his ruling:

THE COURT: [W]ell, here's what it has to do, here's the logic of Batson. Because every citizen has a right equally to serve on the juries of this nation. Jury service is as I explain to juries that most vital expression of direct democracy that exists. No one can be denied, in the view of this Court, the right. It's their right. You don't have to have racial issues in a case. I don't suggest that there were. I suggest that every single person qualified for jury service has a constitutional right, which I think is within the Sixth and Seventh Amendments, to serve on the nation's juries. They cannot be denied that right on the grounds of gender, race, or national origin.

. . . . .

MR. BURNS: ... I submit to the Court that the reason was, in a drug case, she was a social worker and we didn't want her on the jury and you told me that that wasn't sufficient.

. . . . .

THE COURT: I understand that's the position. There is a factual piece to fill in. Let me be clear. I did not credit your explanation from your demeanor and the interchange in the record. I thought you were in fact challenging her because she was different than the other jurors, different because she was an Asian American. I ordered her seated. . . .

. . . . .

MR. BURNS: I gave you the valid reason and then you told me that was not sufficient. I believe the record will reflect it.

THE COURT: I don't believe it. I didn't then, I don't now.

The Government argues here that the judge simply made a credibility finding, a finding that is not clearly erroneous.

*Discussion*

While the entitlement to peremptory challenges is restricted by the equal protection

rights of defendants and the challenged jurors, it remains an essential factor in securing fairness and impartiality of trial by jury. This court has said that this "is one of the most important rights of the accused." *United States v. Gonzalez Vargas*, 585 F.2d 546, 547 (1st Cir.1978). The restriction imposed by the Supreme Court in *Batson* cases goes no further than to prevent purposeful invidious discrimination and assure selection of jurors pursuant to nondiscriminatory criteria. *Batson v. Kentucky*, 476 U.S. 79, 86, 106 S.Ct. 1712, 1717, 90 L.Ed.2d 69 (1986).

Implementation of the restriction against discrimination is by looking, first, for a prima facie showing of discrimination; second, calling for a race-neutral explanation for the tendered challenge; and, finally, decision by the trial court on whether the objection to the challenge meets the burden of proving the reason given to be pretexual for purposeful racial discrimination. *Purkett v. Elem*, 514 U.S. 765, 767, 115 S.Ct. 1769, 1770–71, 131 L.Ed.2d 834 (1995). We will pass the question of whether a prima facie case of ethnic discrimination was presented when a man named Serino challenges the only Asian American on the jury venire in a Boston trial and go to the question of whether all of the circumstances proved purposeful discrimination. The defendant's lawyer gave a perfectly understandable reason for the challenge; he preferred not to have a social worker decide a drug charge. We are at a loss to find any evidence to prove that this reason was a pretext for actual discrimination against Asian–Americans. *See Caldwell v. Maloney*, 159 F.3d 639, 649–51 (1st Cir.1998) (noting various indications that might demonstrate a pretextual *Batson* explanation, such as if the proffered reason is equally applicable to a non-challenged juror of a different race; the facts in the record are objectively contrary to the proffered race-neutral explanation; counsel inadvertently admits that race played some role in striking the juror; there is direct evidence of racial bias; or a series of strikes considered together suggest racial bias, though taken separately each explanation is race-neutral); *see also United States v. Perez*, 35 F.3d 632, 636 (1st Cir. 1994) (noting that the trial court must make express findings of fact when it decides to discredit a given explanation).

If the judge disbelieved defense counsel, it was because the judge did not accept an objection to a social worker as a valid reason for not wanting that person on the jury. The only reason apparent to the judge was the difference between Ms. Cheung and the other jurors, a difference in ethnicity, rather than occupation or background. The judge simply saw no connection between the social worker experience of Ms. Cheung and her decision as a juror in a drug case. But the defense attorney did see a connection (obviously, that a social worker might be especially sensitive to the harm wrought by drugs), and it was race- and ethnicity- and gender-neutral. If the judge found that reasoning to be pretextual, there is no support for the finding and it was clearly erroneous.

To enforce the entitlement to the peremptory challenge, we reverse the conviction without proof of prejudice or proceeding to consider harmlessness. *See United States v. Schneider*, 111 F.3d 197, 204 (1st Cir.1997); *United States v. Annigoni*, 96 F.3d 1132, 1134 (9th Cir.1996) (en banc).

Judgment *reversed.* Case *remanded.*