2001 OK CR 12

**Castano Alain MARRERO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–1999–1479.

Court of Criminal Appeals of Oklahoma.

May 4, 2001.

An Appeal From the District Court of Oklahoma County, the Honorable Virgil C. Black, District Judge.

Bert Richard, Assistant Public Defender, Oklahoma City, OK, Attorney for Defendant at trial.

Lisa Hammond, Clayton Niemeyer, Assistant District Attorneys, Oklahoma City, OK, Attorneys for State at trial.

Andrea Digilio Miller, Assistant Public Defender, Oklahoma City, OK, Attorney for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, Kellye Bates, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee on appeal.

## OPINION

LILE, Judge:

¶ 1 Appellant, Castano Alain Marrero, was convicted at jury trial of Murder in the First Degree (21 O.S.Supp.1997, § 701.7) in Case No. CF–97–7769 in the District Court of Oklahoma County. The Honorable Virgil C. Black, District Judge, followed the verdict of the jury and sentenced Appellant to life imprisonment without the possibility of parole.

Appellant has perfected his appeal to this Court.

¶ 2 In his first proposition of error, Appellant claims that the trial court wrongfully limited Appellant to five peremptory challenges rather than nine.

¶ 3 Appellant was tried jointly with Dominic Russell, who was charged with accessory to a felony and assault and battery with a dangerous weapon. Appellant was charged with first degree murder, however the State did not seek the death sentence. The trial court required that both defendants share five peremptory challenges.

¶ 4 The trial court based its ruling regarding the number of peremptory challenges afforded Appellant and the prosecution on its interpretation of 22 O.S.1991, § 655. The pertinent portion of Section 655 reads, "In all criminal cases the prosecution and the defendant are each entitled to the following peremptory challenges ... First. In prosecutions for first degree murder, nine jurors each."

¶ 5 An argument can be made that only defendants charged with capital offenses are entitled to nine peremptory challenges. *In re Morphis*, 1974 OK CR 5, ¶ 6, 518 P.2d 315, 316, established that "a capital offense is one where the punishment may be death."

¶ 6 Title 22 O.S.1971, § 655 provided, prior to 1975, that nine peremptories were allowed in "capital offenses", but five peremptories were allowed in other crimes "punishable by imprisonment in the state prison." R.L.1910, § 5854. In 1975, this section was amended to provide for nine peremptory challenges "in prosecutions for first degree murder." 22 O.S.Supp.1975, § 655. At the time of this amendment, murder in the first degree was defined as murder under certain aggravating conditions, and conviction led to a mandatory sentence of death. 21 O.S.Supp.1975, § 701.1. Thus, all first degree murders were capital offenses.

¶ 7 In 1976, the United States Supreme Court struck down mandatory death sentence schemes. *See Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). Oklahoma's death penalty was invalidated. *See Green v. Oklahoma*, 428

U.S. 907, 96 S.Ct. 3216, 49 L.Ed.2d 1214 (1976) and *Riggs v. Branch,* 1976 OK CR 216, 554 P.2d 823.

¶ 8 A special session of the Oklahoma legislature followed immediately and enacted a new murder statute which provided that Murder in the First Degree could carry a punishment of death or life imprisonment. 21 O.S.Supp.1976, §§ 701.7 to 701.15. The State was required to notify the defendant prior to trial if it was seeking the death sentence. Thus, at the time of Appellant's trial, a First Degree Murder charge may or may not be a capital offense, depending upon whether the State had properly given notice of its intent to seek the death penalty.

¶ 9 The legislature has taken no action, however, to modify the provisions of Section 655, which on its face requires nine (9) peremptory challenges in any first degree murder prosecution.[1]

¶ 10 We are guided by a statutory rule of interpretation. "Words used in any statute are to be understood in their ordinary sense, except when a contrary interpretation plainly appears...." Title 25 O.S.1991, § 1. We are bound by the language of the law, and the language here is clear.

¶ 11 Title 22 O.S.1991, § 655 requires that both the defendant and the State be afforded nine peremptory challenges each in a first degree murder trial without regard to whether the death penalty is sought. We find the trial court erred by limiting Appellant and the State to only five peremptory challenges each.

¶ 12 Further, we cannot hold this to be harmless error. A criminal defendant has a due process right to receive the full number of peremptory challenges allowed under state law. Unless waived, a trial court's denial of the full number of challenges allowed by state law is a violation of due process. *Spunaugle v. State,* 1997 OK CR 47, ¶ 31, 946 P.2d 246, 252. A constitutional error such as this may be found harmless if it is a trial error, that is, an error which occurred during the presentation of the case to the jury, but it may not be found harmless if it is a structural defect in the trial mechanism. *Bartell v. State,* 1994 OK CR 59, ¶ 18, 881 P.2d 92, 98.

¶ 13 In the case at bar, the denial of the full number of peremptory challenges allowed by state law amounted to a structural error that affected the entire trial. This error, under the facts of this case, cannot be said to be harmless. Defense counsel objected to the trial court's ruling, thereby preserving the issue on appeal. This proposition requires reversal.

¶ 14 Finding merit in Proposition I, Propositions II–VII are rendered moot.

### *DECISION*

¶ 15 The Judgment and Sentence of the District Court is **REVERSED** and the case is **REMANDED** to the trial court for a new trial consistent with this Opinion.

LUMPKIN, P.J., JOHNSON, V.P.J., STRUBHAR, J., concur.

CHAPEL, J., recuses.

---

1. The severity of the sentence does not seem to be the controlling factor. In prosecutions for other non-capital offenses which carry a possible sentence of life without parole, both the State and the defendant are limited by state law to only five peremptory challenges. These offenses include the following: a third or subsequent violation of lewd or indecent proposals to a child under 16 (21 O.S.Supp.2000, § 1123); forcible sodomy, where the victim is under age (16), by a person having two or more convictions for forcible sodomy (21 O.S.Supp.2000, § 888); and certain offenses under the Uniform Controlled Dangerous Substances Act (63 O.S.Supp.1999, § 2–415).