2006 OK CR 2

**Ryan GOLDEN, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F2004–582.**

Court of Criminal Appeals of Oklahoma.

Jan. 10, 2006.

An Appeal from the District Court of Pottawatomie County; the Honorable John Gardner, Associate District Judge.

Richard Smotherman, Asst. District Attorney, Melissa Estes, Legal Intern, Shawnee, OK, attorney for the State at trial.

Carlyle Hatfield, Chad Moody, Attorneys at Law, Oklahoma City, OK, attorneys for the defendant at trial.

Cindy Brown Danner, Appellate Defense Counsel, Norman, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General Of Oklahoma, Preston Saul Draper, Assistant Attorney General, Oklahoma City, OK, attorneys for State on appeal.

## OPINION

C. JOHNSON, Judge.

¶ 1 Appellant, Ryan Golden, was convicted by a jury in Pottawatomie County District Court, Case No. CF 2003–199, of First Degree Murder, in violation of 21 O.S.2001, § 701.1(A). Jury trial was held on March 9th—11th, 2001, before the Honorable John Gardner, Associate District Judge. The jury set punishment at life imprisonment without the possibility of parole and Judge Gardner sentenced Appellant in accordance with the jury's verdict on April 16, 2004. From the Judgment and Sentence imposed, Appellant filed this appeal.

¶ 2 Recitation of the facts surrounding the crime is not necessary because reversible error occurred in the manner of jury selection which requires this matter to be reversed and remanded for a new trial.

¶ 3 Prior to jury selection, the trial court announced it would call twenty-two (22) names and then the State and the Defendant would each have five (5) peremptory challenges. (Tr. 18) The trial court stated it would "offer unlimited challenges for cause" but "the law grants both the state and the defendant five preemptory (sic) changes ... to excuse any prospective juror for any reason whatsoever." (Tr. 22) In his first claim of error, Mr. Golden argues he must be granted a new trial because he was not afforded the statutorily-prescribed number of peremptory challenges in his first degree murder trial. We agree.

¶ 4 Title 22, Section 655 provides that in prosecutions for first degree murder, a defendant is entitled to nine peremptory challenges. The statutory language is clear. The trial court erred when it did not allow Mr. Golden nine peremptory challenges. We agree with Mr. Golden that the trial court's error deprived him of his statutory right to nine peremptory challenges and his constitutional right to due process of law. *Marrero v. State,* 2001 OK CR 12, ¶¶ 11–12, 29 P.3d 580, 582; *Spunaugle v. State,* 1997 OK CR 47, ¶¶ 30–32, 946 P.2d 246, 252, *overruled on other grounds by Long v. State,* 2003 OK CR 14, 74 P.3d 105; *Ross v. Oklahoma,* 487 U.S. 81, 91, 108 S.Ct. 2273, 2280, 101 L.Ed.2d 80 (1988).

¶ 5 In *Marrero,* a defendant charged with first degree murder was tried jointly with a co-defendant who was not charged with murder and the trial court required the defendants to share five peremptory challenges. There, we found reversible error and stated "the denial of the full number of peremptory challenges allowed by state law amounted to a structural error that affected the entire trial." *Id.* We noted defense counsel objected at trial and said "under the facts of this case" the error could not be harmless. *Id.* While we found the error in *Marrero* was structural and reversible, our reference to the "facts of the case" and to preservation of the error suggests this Court in fact applied a harmless error analysis and did not actually treat the error as structural error.

¶ 6 In *Spunaugle,* we found the denial of three peremptory challenges in a murder prosecution to be error "which pervaded the entire trial" and which was "not subject to harmless error analysis," but also stated the error was not "waived" and noted facts in the record sufficient to prove prejudice. *Spunaugle,* 1997 OK CR 47, ¶ 32, 946 P.2d at 252. Like *Marrero,* in *Spunaugle,* the language of our opinion suggests that this Court did not, in fact, treat the error as structural.

¶ 7 The State admits that depriving a defendant of his full complement of peremptory challenges is error, but suggests the error should be considered harmless because it was waived by the defendant. The State argues counsel's failure to object waives review for all but plain error and further argues that Golden did not make a sufficient record to prove prejudice by claiming he was forced to keep objectionable jurors because of the trial court's error on peremptory challenges.

¶ 8 This Court has reviewed only two other cases, besides *Marrero* and *Spunaugle,*

wherein the defendant alleged he was deprived of the full complement of statutorily prescribed peremptory challenges and in those cases, the Court required the defendant to prove prejudice.[1] In *Landrum v. State*, 1971 OK CR 235, 486 P.2d 757, the trial court denied the defendant his last five peremptory challenges after his counsel waived the fourth peremptory challenge. The Court cited the syllabus from *Phelps v. State*, 1965 OK CR 98, 404 P.2d 687, to state:

> It is not error alone that reverses judgments of conviction of crime in this State, but error plus injury, and the burden is upon the appellant to establish the fact that he was prejudiced in his substantial rights by the commission of the error.

*Landrum*, 1971 OK CR 235, ¶ 13, 486 P.2d 757. In *Landrum*, voir dire was not transcribed and there was nothing in the appeal record for this Court to review. The Court held the defendant had failed to show error coupled with injury and how he might have been prejudiced. *Id.*, 1971 OK CR 235, ¶ 18, 486 P.2d at 759.

¶ 9 In a murder prosecution in *White v. State*, 1986 OK CR 153, 726 P.2d 905, the trial court allowed the defendant only five peremptory challenges. Defense counsel did not object and did not request additional challenges. Citing *Landrum*, the Court said the burden was on the appellant to "show that he was prejudiced in his substantial rights by the commission of the error" and found the complaint was not sufficient to cause reversal. *Id.*, 1986 OK CR 153, ¶ 4, 726 P.2d at 907.

¶ 10 We take this opportunity to clarify whether the denial of the statutory number of peremptory challenges in a first degree murder case requires a showing of prejudice or requires automatic reversal. In other words, is it an error subject to harmless error analysis or is it a structural error?

¶ 11 In *Ross v. Oklahoma*, 487 U.S. 81, 88, 108 S.Ct. 2273, 2278, 101 L.Ed.2d 80 (1988), the Supreme Court rejected the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. "Because peremptory challenges are a creature of statute and are not required by the Constitution, it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise. As such, the "right" to peremptory challenges is "denied" or "impaired" only if the defendant does not receive that which state law provides." (citations omitted) *Id.*, 487 U.S. at 89, 108 S.Ct. at 2279.

¶ 12 Oklahoma law provides that "[I]n all criminal cases the prosecution and the defendant are each entitled to the following peremptory challenges: ... First. In prosecutions for first degree murder, nine jurors each." 22 O.S.2001, § 655. Oklahoma has therefore determined the number of peremptory challenges allowed and has defined their purpose and the manner of their exercise. *Id.*, 487 U.S. at 89, 108 S.Ct. at 2279. Golden was charged with and tried for the crime of First Degree Murder, and, under Oklahoma law, was entitled to nine peremptory challenges. The record reflects he only received five.

¶ 13 While the right of peremptory challenge is not protected under the federal constitution, it is specifically provided for and safe-guarded by Oklahoma statute. Deprivation of the right to exercise nine peremptory challenges, which was statutorily due under Oklahoma law, constitutes a due process violation. This is not a case where the defendant claimed he was denied his full complement of peremptory challenges because he had to exercise one to remove a juror whom the trial court should have removed for cause. In this case, Golden was not afforded four challenges to which he was statutorily entitled. Golden did not receive all that was due him under Oklahoma law. *See Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980)(denial of petitioner's statutory right to have jury determine punishment constituted a violation of due process).

¶ 14 A "constitutional error does not automatically require reversal if it is subject to a harmless error analysis. *Phil-*

---

1. This Court has reviewed numerous challenges under the applicable statute relating to co-defen-

dants being required to share peremptory challenges.

*lips v. State,* 1999 OK CR 38, ¶ 67, 989 P.2d 1017, 1036; *see Arizona v. Fulminante,* 499 U.S. 279, 306, 111 S.Ct. 1246, 1263, 113 L.Ed.2d 302 (1991). In *Arizona v. Fulminante,* when discussing the general rule pronounced in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), that a constitutional error does not automatically require reversal, the Supreme Court said:

> The common thread connecting these cases [those cases applying *Chapman* /harmless error analysis] is that each involved "trial error"—error which occurred during the *presentation of the case to the jury,* and which may therefore be quantitatively assessed *in the context of other evidence presented* in order to determine whether its admission was harmless beyond a reasonable doubt.

(emphasis added). *Fulminante,* 499 U.S. at 307–308, 111 S.Ct. at 1264. Harmless error analysis should be applied to an error which occurs in the presentation of the case to the jury and which can be measured against other evidence to determine whether it affected the factual determination of a defendant's guilt or innocence. *Id.*

¶ 15 Structural errors, which defy harmless error standards, are those defects in the trial itself which affect the framework in which the trial proceeds. *Id.,* 499 U.S. at 310, 111 S.Ct. at 1265. Structural errors recognize that the violation of some constitutional rights may require reversal without regard to the evidence in the particular case. Structural errors are those which affect a trial from beginning to end, such as the absence of counsel for a defendant, a biased judge, the unlawful exclusion of members of the defendant's race from a grand jury, the right to self-representation at trial, and the right to a public trial. *Id.,* 499 U.S. at 309–310, 111 S.Ct. at 1265.

¶ 16 A "structural error is not subject to analysis based on prejudice. *State v. D'Antonio,* 274 Conn. 658, 877 A.2d 696, 737 (2005)(Katz, J., dissenting). "When a structural error analysis is undertaken and such an error exists, the proceeding is vitiated." *Id.; see also State v. Cruz,* 122 P.3d 543, 549 (Utah 2005)("a structural error analysis presumes prejudice"); *State v. Lamere,* 327

Mont. 115, 112 P.3d 1005, 1013 (2005)(errors in the jury selection process are structural errors; structural errors are presumptively prejudicial); *Walker v. State,* 161 Md.App. 253, 868 A.2d 898, 913 (2005), *cert. granted,* 387 Md. 462, 875 A.2d 767 (2005)("If a structural error is committed, prejudice is presumed."); *State v. Langley,* 896 So.2d 200, 210 (La.Ct.App.2004)(judge who was absent from proceedings and failed to maintain proper courtroom decorum caused structural errors requiring reversal without showing of prejudice); *U.S. v. McFerron,* 163 F.3d 952, 956 (6th Cir.1998)(denial of right to exercise peremptory challenges is structural and not subject to harmless error analysis); *U.S. v. Serino,* 163 F.3d 91, 93 (1st Cir.1998)(finding *Batson* violation structural and reversing without applying harmless error analysis or proof of prejudice); *U.S. v. Gonzalez–Huerta,* 403 F.3d 727, 734 (10th Cir.2005)("if, as a categorical matter, a court is capable of finding that the error caused prejudice upon reviewing the record, then that class of errors is not structural").

¶ 17 While this Court paid lip service to the concept of structural error in *Marrero* and *Spunaugle* when discussing the improper denial of peremptory challenges in capital cases, it did not fully consider the breadth of such defects because it applied either a harmless error analysis or implied a proof of prejudice requirement. As the cases cited above from across the country demonstrate, structural errors are not subject to harmless error analysis, do not require a showing of prejudice, and such an error is not measured against the "other evidence" admitted at trial. To the extent *Marrero, Spunaugle, White,* and *Landrum* are inconsistent with this Opinion, they are hereby overruled.

¶ 18 The purpose of voir dire in a criminal proceeding is to determine whether there are grounds to challenge prospective jurors and to permit the intelligent exercise of peremptory challenges. *Dodd v. State,* 2004 OK CR 31, ¶ 24, 100 P.3d 1017, 1029. The use of peremptory challenges in voir dire is the principle method of securing a defendant's fundamental right to a fair trial by an impartial jury. *See Moore v. State,* 1995 OK CR 39, ¶ 13, 900 P.2d 996, 1000. Jury impar-

tiality goes to the very integrity of our justice system, and the right to an impartial jury is so essential to our concept of a fair trial that its violation cannot be considered harmless error. *State v. Herrman,* 316 Mont. 198, 70 P.3d 738, 742 (2003). Not all errors occurring during jury selection are structural; the denial or impairment of the right to peremptory challenges is, however, one of those errors that defy harmless error analysis.

 ¶ 19 In this case, the trial court caused structural error by denying Mr. Golden the complete array of peremptory challenges to which he was entitled by Oklahoma law. While defense counsel did not object, the trial court had an affirmative duty to inform the defendant of his right to challenge jurors, 22 O.S.2001, § 651, and its failure to so inform the defendant of this statutory right and all that it encompassed constitutes clear, structural error. It is evident from the record that the trial court was not aware of the applicable law. "The right to a trial before a fair and impartial jury is the hallmark of the American system of justice, and is guaranteed by both the Federal and Oklahoma constitutions. *See* U.S. Const. amend. VI, Okl. Const. art.II, §§ 19, 20." *White,* 1986 OK CR 153, ¶ 1, 726 P.2d at 909 (Parks, J., dissenting). This Court cannot determine what effect Mr. Golden's exercise of four additional peremptory challenges, or of the State's for that matter, would have had upon the final make-up of the jury or whether that might have affected the ultimate outcome of this case. This is the type of error for which prejudice must be presumed because any inquiry into the resulting unfairness or prejudice is necessarily unquantifiable and indeterminate and would be purely speculative.

¶ 20 Accordingly, because we find merit to the issue raised in Proposition One, the remaining propositions of error are rendered moot.

## DECISION

¶ 21 The Judgment and Sentence imposed in Pottawatomie County District Court, Case No. CF 2003–199, is hereby *REVERSED*

1. While defense counsel initially complained that

*AND REMANDED FOR A NEW TRIAL* consistent with this Opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeal,* Title 22, Ch.18, App. (2006), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, P.J., A. JOHNSON and LEWIS, JJ.: concur.

LUMPKIN, V.P.J.: dissents.

LUMPKIN, Vice–Presiding Judge: Dissenting.

¶ 1 I dissent to the Court's decision to suddenly mandate that it is "structural error" when a defendant is denied the "complete array of peremptory challenges to which he was entitled by Oklahoma law" and thus beyond the possibility of ever being considered harmless under the facts of the case—even when defense counsel makes no attempt to preserve the error or complain about the jury. It is readily apparent there is a lack of understanding as to what constitutes a "structural" error under current jurisprudence and what the misuse of that term can create by its ripple effect on future cases involving a failure to follow statutory provisions.

¶ 2 One can easily foresee a situation, somewhere down the appellate road, when a similar situation occurs at trial and defense counsel, although perfectly content with the jury, decides as a matter of strategy not to object to the erroneous denial of all peremptory challenges provided by our statutes. For in so doing, the defense earns a free trial. Even if the State proves its case beyond a reasonable doubt, the defense has a sure-bang winner on appeal.

¶ 3 I disagree with attempts to anticipatorily "fix" situations in the appellate arena that were never in dispute at the district court level. Here, the defendant was represented by competent counsel, and the record gives no indication that said counsel was not completely satisfied with the jurors who ultimately sat on the case, insofar as their qualifications and ability to be fair.[1] Nevertheless,

by happenstance the jury pool only had one

the Court now abolishes the requirement that a defendant demonstrate prejudice and finds such juries are *ipso facto* unfair, but without ever providing a convincing reason for doing so.

¶ 4 The Court rightly acknowledges that we have previously required a showing of prejudice in *all prior cases* touching upon the issue in question. *See, e.g., Marrero v. State*, 2001 OK CR 12, ¶ 13, 29 P.3d 580, 582 (despite misusing the term "structural error," the Court appears to have applied harmless error to the issue in question); *Spunaugle v. State*, 1997 OK CR 47, ¶ 32, 946 P.2d 246, 252, *overruled on other grounds, Long v. State*, 2003 OK CR 14, 74 P.3d 105 (the "facts sufficient to prove prejudice are contained in the record, for counsel made a record of those venireman he would remove if he had the correct number of peremptory challenges."); *see also White v. State*, 1986 OK CR 153, ¶ 4, 726 P.2d 905, 907 ("the burden is upon [the defendant] to establish the fact that he was prejudiced in his substantial rights by the commission of error"); and *Landrum v. State*, 1971 OK CR 235, ¶ 18, 486 P.2d 757, 759 ("defendant has failed to show error coupled with injury, and how he might have been prejudiced thereby"). This list does not even include the substantial number of times we have ruled similarly in cases involving the issue of sharing peremptory challenges. *See e.g., Lafevers v. State*, 1991 OK CR 97, 819 P.2d 1362, 1367.

¶ 5 The Court rationalizes its departure from established Oklahoma law by providing a one line quote or paraphrase concerning "structural error" from other jurisdictions like Connecticut, Montana, and Louisiana and by chastising itself for paying "lip service" to that concept in *Marrero* and *Spunaugle*. This is curious, however, for *Marre-ro* received straight concurring votes and *Spunaugle* took conflicting positions on the issue at hand—saying the error was beyond harmless error analysis, but then reviewing the record for prejudice (and finding it!). I dissented from *Spunaugle*, as did Judge C. Johnson, who authors today's opinion.

¶ 6 True, this was a serious error, a deprivation of an important statutory right granted under Oklahoma law. As such, the Court should focus more of its analysis upon whether Appellant was deprived of due process guaranteed by our Constitution. Indeed, constitutional error clearly occurred here, as Appellant's statutory right to peremptory challenges was "denied or impaired" by not receiving that which state law provides. *Ross v. Oklahoma*, 487 U.S. 81, 86, 108 S.Ct. 2273, 2277, 101 L.Ed.2d 80 (1988). Appellant was not denied one peremptory challenge, but four! [2]

¶ 7 But constitutional errors *may* be found to be harmless if the court can declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). And yet, the Court's decision today sidesteps this well-known principle by relying on controversial language from *Arizona v. Fulminante*, 499 U.S. 279, 307–08, 111 S.Ct. 1246, 1264, 113 L.Ed.2d 302 (1991).[3] There, the Supreme Court attempted to separate "trial errors" from "structural errors". But *Fulminante's* effort to once and for all categorize and distinguish between these two types of errors has proven largely unsuccessful, as many Courts including the U.S. Supreme Court have since struggled to apply it and some commentators have argued that *Fulminante* was "analytically flawed from the outset." McCord, *The "Trial"/"Structur-*

---

minority, defense counsel did not challenges any particular juror for cause. Also, counsel made no record concerning any "unacceptable juror," and there were no requests made for additional peremptory challenges.

**2.** That being so, I don't believe Appellant would have to go very far in order to establish prejudice, if he had in fact been dissatisfied with the jurors chosen and was truly being prejudiced. But at the very least, he should use up all peremptory challenges given and provide the district court *some* opportunity to correct its mistake.

**3.** *Fulminante* was so contentious and sharply divided that it is difficult to determine which part of the opinion is the majority opinion. Part I of Justice White's four-part opinion received six votes, while parts II (from which the quoted language in today's opinion is taken) and IV received only five votes. Meanwhile, part II of Chief Justice Rhenquist's three-part opinion received five votes.

*al" Error Dichotomy: Erroneous, and Not Harmless,* 45 U.Kan.L.Rev. 1401 (1996); *see also, State v. Calderon,* 270 Kan. 241, 250–53, 13 P.3d 871, 877–79. Indeed, one member of the Court has written that the Supreme Court's harmless error jurisprudence is "confused and illogical" and that the trial error/structural error analysis in *Fulminante* has resulted in "fictional distinctions." *See Flores v. State,* 1999 OK CR 52, ¶ 1, 994 P.2d 782, 787 (Chapel, J., concurring in result).

¶ 8 I touched upon this same issue in my dissent to *Flores v. State,* 1995 OK CR 31, ¶ 13, 899 P.2d 1162, 1172, by quoting from the dissenting portion of Justice White's opinion in *Fulminante,* as follows:

> These cases cannot be reconciled by labeling the former 'trial error' and the latter not, for both concern the exact same stage in the trial proceedings. Rather, these cases can be reconciled only by considering the nature of the right at issue and the effect of an error upon the trial.

*Fulminante,* 499 U.S. at 291, 111 S.Ct. at 1255. In other words, we should not draw a line in the sand and all cases that fall under the definition of "trial error" are subject to harmless error analysis, while all others are not. Rather, we must look to the right in question and assess its overall effect on the trial.

¶ 9 The truth of the matter is that the Supreme Court has recognized that "most constitutional errors can be harmless." *Fulminante,* 499 U.S. at 306, 111 S.Ct. at 1263. Indeed, "if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to harmless-error analysis." *Rose v. Clark,* 478 U.S. 570, 579, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986). Moreover, since *Fulminante* was decided, the Su-

preme Court has only found an error to be "structural," and thus subject to automatic reversal, in a "very limited class of cases", approximately six, and none of those cases involved peremptory challenges. *See Neder v. U.S.,* 527 U.S. 1, 8, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999).[4]

¶ 10 The opinion finds that the trial court "caused" this structural error by being ignorant of the applicable law. But the same can be said of defense counsel, who was either (1) unaware that the defendant was entitled to nine peremptory challenges, (2) was deliberately aware that he was entitled to four more peremptory challenges but was pleased with the jury, or (3) aware that the trial judge had committed an error that would likely result in reversal.

¶ 11 So who do we pin the blame on? In my opinion, it is defense counsel's duty to object to errors occurring during the course of the trial. In the absence of an objection or any demonstrative showing of prejudice, I would presume that defense counsel knew the law, but believed the jury seated was fair.[5] By focusing on the right in question—here a statutory one—rather than broad labels, we see no evidence that the error impacted the fairness or integrity of this trial.

¶ 12 The error here was really no different than any other erroneous ruling on evidence or procedure occurring during trial. As such it was "trial error" that was subject to harmless error analysis. Due to the fact that Appellant has provided nothing to show the jurors who were actually seated and who did render a verdict were unacceptable, prejudicial in any way, or that any would have been excused if additional peremptories were provided, I cannot find prejudice in the record. Thus, the violation of the statutory right in

4. Indeed, an argument could be made, based upon U.S. Supreme Court jurisprudence, that Appellant has no standing to raise a constitutional claim purely on the number of peremptory challenges received, for in *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court stated it was the juror's right to serve that was being adjudicated in the exercise of these challenges. While I have previously pointed out that the Supreme Court has painted itself into a corner on the issue with paint that will never dry, I recognize we ultimately have a due process issue here, regardless of how we get there.

5. If, however, the record demonstrated ineffective assistance of counsel or that an unacceptable juror had been seated, then reversal would be required.

this case was harmless, and the judgment and sentence should be affirmed.